IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KEITH D. BREWER     PETITIONER

V.     NO. 2:09CV224-P-S

DIRECTOR OF THE STATE OF
MISSISSIPPI DEPARTMENT OF CORRECTION, et al.     RESPONDENTS

## MEMORANDUM OPINION

On December 28, 2009, Brewer, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), filed this matter challenging a state court detainer in Desoto County. Along with his petitioner, Brewer has filed a motion for to appoint counsel, a motion for immediate injunctive relief, and a motion for copies.

### Motion for Counsel

The Petitioner, who is proceeding *pro se* filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. The Petitioner has moved for appointment of counsel. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts, states as follows:

> If an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) and the hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires.

The court has not yet determined whether an evidentiary hearing is necessary. Additionally, The Petitioner has provided nothing that convinces the court that the interests of justice require the appointment of counsel at this time, and the court can find no reason why the interests of justice require would require appointment of counsel. Accordingly, the motion for appointment of counsel is denied at this time.

## Motion for Preliminary Injunction

Along with his petitioner, Brewer also filed a motion for a preliminary injunction in which he is seeking an order that would require officials at the Desoto County Detention Facility to provide him with stationary, paper, stamps and other materials so that he may effectively prosecute this matter.

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc*., 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas* , 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

The Petitioner cannot satisfy each element necessary to obtain the extraordinary relief he seeks. Although the State has been ordered to respond to the petitioner, Brewer is far from establishing entitlement to any relief. He may have a stronger argument for demonstrating

irreparable harm. He has, however, recently been relocated to another prison facility where there should be greater access to and availability of legal supplies. The remaining elements do not add anything to the Petitioner's motion. Therefore, the motion for preliminary injunction is denied.

## Motion for Copies

Finally, Brewer has filed a motion requesting copies of all documents pertaining to this case and a copy of the local rules. The Petitioner cites 28 U.S.C. § 2250 in support of his request. Section 2250 does not, however, require the court to grant a blanket request for free copies of documents related to the case. *United States v. Newsome*, 257 F. Supp. 201, 203 (N.D. Ga. 1966). Rather, the decision whether to order that a petitioner be provided copies is wholly within the court's discretion. *Id.* Thus, the court may entertain a more specific request for a particular document or documents, but petitioner must demonstrate that the requested documents are both relevant and reasonably necessary for the petitioner to prosecute this matter. *Id.; see also Bozeman v. United States,* 354 F. Supp. 1262, 1263 (D. Va. 1973).

As for a copy of the local rules, these can be obtained at the facilities library or through the Inmate Legal Assistance Program. Therefore, the motion for copies is denied.

A separate order shall be entered in accordance with this opinion.

This the 8th day of February, 2010.

                                              /s/ David Sanders
                                              UNITED STATES MAGISTRATE JUDGE