# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

KEITH D. BREWER                                                                 PETITIONER

V.                                                                          NO. 2:09CV224-P-S

CHRISTOPHER EPPS, et al.                                              RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of Keith Brewer, inmate number 154893, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed without prejudice.

### A. Factual and Procedural Background

On December 14, 2009, Brewer pled guilty to attempted shoplifting in the DeSoto County Circuit Court. Brewer was sentenced to one year imprisonment to be followed by nine years of post-release supervision. Brewer did not pursue an appeal[1] and he has not pursued post-conviction relief. He argues, however, that he should be excused from the "exhaustion requirement" because the Circuit Court refused to file his motions.

### B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] In Mississippi, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Rather, a defendant may only pursue an appeal within thirty days of the guilty plea alleging that the sentence imposed is illegal. Miss. R. App. P. 4(a); *Lett v. State*, 965 So. 2d 1066, 1070 (Miss. 2007).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed thirty days after a guilty plea to perfect an appeal. Miss. R. App. P. 4(a). Brewer admittedly not pursued an appeal challenging his sentence within thirty days. Thus, Brewer's judgment became final thirty days after the sentencing order was entered December 14, 2009. In the absence of any further review, Brewer's sentence became final on January 13, 2010, the date on which his time for perfecting an appeal in state court expired.

Brewer, therefore, will have one-year or until January 13, 2011, to seek federal review of his conviction and sentence or "properly file" an application for post-conviction relief in the state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.; Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008).

Brewer may still take advantage of the State's post-conviction review. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. The Petitioner should, without haste, return to state court and exhaust each claim he intends to present in a federal habeas petition. If he does not delay and once he has received a

ruling from the Mississippi State Supreme Court, the Petitioner may return to this court and again pursue a federal writ of habeas.[2] Accordingly, this petition will be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 13th day of May, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The prohibition against successive writs will not apply where the court has not reviewed the merits of a petition. 28 U.S.C. § 2244(b)(3)(A).